UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60739 CIV-ZLOCH ROSENBAUM

UNITED STATES OF AMERICA,
ex rel. PATRICIA DIANE THAW,

Plaintiffs,

vs.                                    Sealed

SOUTH BROWARD HOSPITAL
DISTRICT d/b/a MEMORIAL
HEALTHCARE SYSTEM and
INTERVENTIONAL REHABILITATION
OF SOUTH FLORIDA, INC.,

Defendant.

COMPLAINT

DEMAND FOR JURY TRIAL

**FILED UNDER SEAL**

FILED by _____ D.C.
MAY 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

I. **INTRODUCTION**

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from violations of the "Stark Law", 42 U.S.C. § 1395nn *et seq.*, "Anti-Kickback Statute", 42 U.S.C. § 1320a-7b(b), and the federal False Claims Act, 31 U.S.C. §§ 3729-32, as amended, Pub.L 99-562, 100 Stat. 3153 (1986).

2. The Stark Law prohibits financial relationships between physicians and those entities to which they refer Medicare patients for certain designated health services. If a physician and a designated health services entity have a financial relationship other than one enumerated as an exception under the Stark Law, then the physician may not refer his or her patients to the entity for designate health services, and the entity may not bill Medicare for any services provided pursuant to the referral.

3. The Medicare and Medicaid Fraud and Abuse Statute ("Anti-Kickback

Statute") penalizes anyone who knowingly and willfully solicits, receives, offers or pays remuneration to induce or in return for referring the purchasing, recommending or ordering of services that are reimbursable under Medicare or Medicaid. 42 U.S.C. § 1320a-7b(b).

4. The False Claims Act, originally enacted during the Civil War and substantially amended by the False Claims Amendments Act of 1986, prohibits any person from submitting false or fraudulent claims to the United States Government for approval or payment. Payments billed in contravention of the Stark Law or Anti-Kickback Statute violate the False Claims Act.

5. Any person having knowledge of violations of the Stark Law or the False Claims Act may bring an action in federal district court on behalf of herself and the United States Government, as well as to share in any recovery. The complaint is to be filed under seal for 60 days (without service on the defendant during the 60 day period) to enable the Government to (1) conduct its own investigation without the knowledge of the defendant and (2) determine whether to join the suit.

6. Based on these provisions, plaintiff/relator Patricia Diane Thaw seeks through this action to recover damages and civil penalties arising from violations of the Stark Law and false claims for payments submitted or caused to be submitted by the defendants to the United States Government through Medicare, a federally-funded medical insurance program for the elderly. Plaintiff/relator estimates the amount of actual damage suffered by the Government to be in excess of $1 million.

7. As required under the False Claims Act, 31 U.S.C. § 3730(b)(2), plaintiff/relator will provide to the Attorney General of the United States and the United States Attorney a statement of all material evidence and information related to the complaint.

8.      Plaintiff/relator Patricia Diane Thaw also alleges that she was terminated from her employment after uncovering and disclosing these fraudulent acts to her superiors at Defendant South Broward Hospital District d/b/a Memorial Healthcare System ("Defendant Memorial").

## II.     PARTIES

9.      Plaintiff/relator Patricia Diane Thaw is a resident of Hollywood, Florida. She was employed by Defendant Memorial from February 2000 to March 2009 as a Compliance Auditor. Thaw brings this action for violations of 42 U.S.C. § 1395nn *et seq.* and 31 U.S.C. § 3729 *et seq.* on behalf of herself and the United States Government pursuant to 31 U.S.C. § 3730(b)(1) and (b)(2).

10.     Defendant Memorial is a non-profit corporation chartered under the laws of Florida with its principal place of business at 3501 Johnson Street, Hollywood, Florida 33021. Defendant Memorial is a community-owned health services network that provides health service to residents of Florida's Broward, Dade, and Palm Beach counties. The system's major hospitals include Memorial Regional Hospital, Memorial Hospital Pembroke, Memorial Hospital West, and Joe DiMaggio Children's Hospital. The hospitals provide services including primary, diagnostic, emergency, surgical, and rehabilitative care. Memorial also operates a cardiac and vascular medicine institute, a cancer treatment center, a pain management center, and a center for women's health. Additionally, the system includes nursing home facilities, community clinics, and an area network of primary care physicians.

11.     Defendant Interventional Rehabilitation of South Florida, Inc. ("IRSF") is a Florida for-profit corporation with its principal address at 1613 North Harrison Parkway, Suite 200, Sunrise, Florida 33323. Defendant IRSF operated the pain management center

at Defendant Memorial.

### III. JURISDICTION AND VENUE

12. This is a civil action arising under the laws of the United States to redress violations of the Stark Law, 42 U.S.C. § 1395nn *et seq*, and the False Claims Act, 31 U.S.C. §§ 3729-3232. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, and pursuant to 31 U.S.C. § 3732, that specifically confers jurisdiction on this Court for actions brought pursuant to §§ 3729 and 3730 of Title 31.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2) because Defendants have offices in the Southern District of Florida, and have performed numerous acts proscribed by 42 U.S.C. § 1395nn and 31 U.S.C. § 3729 *et seq.* within the Southern District of Florida.

### IV. GOVERNING LAW

#### A. STARK LAW

14. The Stark Law prohibits the practice of physicians or a group of physicians referring a patient to a medical facility in which he or she has a financial interest.

15. The rationale behind this prohibition is that such referrals present an inherent conflict of interest and often lead to over-utilization of services and increases to health care costs.

16. A physician or group of physicians is considered to have a financial interest in a medical facility when that facility provides services such as office space, equipment, staff, or services for less than fair market value.

17. The Stark Law is a strict liability statute that is violated whenever a prohibited referral is made or a prohibited claim is submitted, regardless of whether the healthcare provider intended, knew or should have known that the action violated the law.

### B. ANTI-KICKBACK STATUTE

18. The Anti-Kickback Statute was first enacted under the Social Security Act in 1977. It penalizes anyone who knowingly and willfully solicits, receives, offers or pays remuneration to induce or in return for referring the purchasing, recommending or ordering of services that are reimbursable under Medicare or Medicaid. 42 U.S.C. § 1320a-7b(b).

19. Remuneration under the Statute includes the transfer of anything of value, in cash or in-kind, directly or indirectly, covertly or overtly. The Statute ascribes liability to both sides of an impermissible kickback relationship.

20. The Statute includes regulatory safe harbors for payments for office space rental, equipment rental, and personal services and management as long as the agreements are contractual and are "consistent with fair market value in arms-length transactions." 42 C.F.R. § 1001.952(b), (c), and (d).

21. Failure to pay fair market value for these items in exchange for referrals is violative of the Statute.

### C. FALSE CLAIMS ACT

22. The False Claims Act provides, in pertinent part, that:

> (a) Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government;. . . or (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
> ***
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of

damages which the Government sustains because of the act of that person . . . .

(b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. § 3729.

23. While the False Claims Act imposes liability only when the claimant acts "knowingly," it does not require that the person submitting the claim have actual knowledge that the claim is false. A person who acts in reckless disregard or in deliberate ignorance of the truth or falsity of the information, also can be found liable under the Act. 31 U.S.C. § 3729(b).

24. In sum, the False Claims Act imposes liability on any person who submits a claim to the federal government that he or she knows (or should know) is false.

25. Additionally, Title 31, United States Code, Section 3730(h) prohibits the wrongful discharge of a whistleblower for bringing violations of the False Claims Act to light.

## V. FACTUAL ALLEGATIONS

26. Defendants engaged in conduct prohibited under the Stark Law, the Anti-Kickback Statute, and the False Claims Act. This conduct, in short, involved (a) Defendant Memorial providing Defendant IRSF, an outside physician group, with free or reduced services, including office space, equipment, and staff, in exchange for Defendant IRSF referring patients to Defendant Memorial's hospitals and (b) Defendant Memorial overbilling Medicare for Kyphoplasty procedures. In retaliation for exposing the aforementioned violations, plaintiff/relator, on March 25, 2009, was terminated by Defendant Memorial.

### A. PAIN MANAGEMENT CENTER

27. Defendant IRSF, a subsidiary of Sheridan Healthcare, operated a Health Care Clinic at Defendant Memorial known as the Pain Management Center.

28. The Medical Director of the Health Care Clinic was Felix M. Ramirez, D.O., a board certified anesthesiologist and pain management physician who was employed or retained by Sheridan to provide pain management services.

29. Since 1989, Defendant IRSF has received office space, staff, and services provided by Defendant Memorial.

30. In June 2006, plaintiff/relator conducted a compliance audit of the Pain Management Center.

31. During the course of the compliance audit, plaintiff/relator discovered that only one contract existed between Defendant Memorial and Defendant IRSF, a Timeshare Lease Agreement that began on or about 2005. Thus, between 1989 and 2005 there was no written contract between Defendant Memorial and Defendant IRSF for the provision of office space, staff, or services.

32. In fact, since 1989, Defendant IRSF had been receiving office space, staff, and services from Defendant Memorial at no cost in exchange for Defendant IRSF referring its patients to Defendant Memorial for procedures.

33. Plaintiff/relator further learned during the course of the June 2006 audit that there was no fair market analysis for office space inside any of Defendant Memorial's hospitals. Without a fair market analysis, it is impossible for a hospital, like Defendant Memorial, to conform to the Stark Law's and Anti-Kickback Statute's requirement that physician groups pay fair market value for office space within the hospital.

34. Plaintiff/relator relayed the violations found in her June 2006 audit to Kenneth Resmini, Compliance Officer, Defendant Memorial's agent. Mr. Resmini and Defendant

Memorial made no attempt to rectify the violations. Plaintiff/relator recommended that Defendant IRSF reimburse Defendant Memorial for the fair market value of office space, staff, and services retroactive to 1989.

35. However, rather than remedy the violations, Mr. Resmini, on or about June 28, 2006, instructed plaintiff/relator to, for the first time, prepare two separate compliance audit reports. The first report was related to the contractual relationship between Defendant Memorial and Defendant IRSF, or the lack thereof, while the second report was to be related to the documentation and billing process by Defendant Memorial.

36. Per Mr. Resmini's instructions, the contractual relationship audit was submitted to Defendant Memorial's legal department for review and approval. Following this review, Mr. Resmini advised plaintiff/relator that the contractual report was being changed to a "project" rather than an audit report.

37. As of February 2009, nearly three years after plaintiff/relator's audit, the contractual relationship "project" was never approved or finalized. Because the report was never approved or finalized, it never became subject to public disclosure under Florida's Sunshine laws.

**B.  KYPHOPLASTY**

38. In October 2008, plaintiff/relator performed a compliance audit of Kyphoplasty procedures for Medicare patients at Defendant Memorial.

39. During the auditing, plaintiff/relator discovered a sudden decrease in inpatient admissions for Kyphoplasty procedures beginning in May 2008 at Memorial Regional Hospital South, one of Defendant Memorial's hospitals.

40. Additional investigation uncovered that, prior to May 2008, the vast majority of patients receiving Kyphoplasty procedures were treated on an inpatient basis. However,

the vast majority of those patients did not meet the necessary medical criteria to be treated on an inpatient, rather than outpatient, basis.

41. Treating Kyphoplasty procedures as inpatient, rather than outpatient procedures, greatly increases the cost of each procedure to Medicare.

42. The audit also revealed that an unusually high number of patients at Defendant Memorial underwent bone biopsies at the time of the Kyphoplasty procedure. However, based upon a review of the pathology reports for the bone biopsies in the same patients, the bone biopsies were normal.

43. The assignment of the Diagnosis Related Group changes when a bone biopsy is performed during a Kyphoplasty procedure. The corresponding reimbursement to Defendant Memorial by Medicare is then increased by thousands of dollars.

44. On or about October 27, 2008, plaintiff/relator advised Mr. Resmini of her audit findings and the violations contained therein. Plaintiff/relator was instructed by Mr. Resmini to stop the audit and to not prepare a compliance audit report regarding the Kyphoplasty procedures. Mr. Resmini further advised plaintiff/relator that David Smith, Chief Financial Officer of Defendant Memorial would be taking over the audit and forwarding plaintiff/relator's work papers for outside review. As of March 25, 2009, the date plaintiff/relator was terminated, plaintiff/relator's work papers had still not been collected, much less sent for review.

C. **TERMINATION**

45. During her nine years at Defendant Memorial, plaintiff consistently received excellent reviews and corresponding raises.

46. Plaintiff received her last performance review from Defendant Memorial on February 28, 2008. In the comment section of that review, Mr. Resimini, plaintiff's

supervisor, wrote "knows what needs to be done; excellent audit and writing skills; dedicated and hard working." The "Opportunities for Improvement" section was left blank.

47. During the course of diligently performing her job, plaintiff uncovered and disclosed to Defendant Memorial the violations noted *supra*. Defendant Memorial took no actions to remedy the violations. Rather, Defendant Memorial, not liking the message that it was violating federal law, chose to shoot the messenger.

48. On March 25, 2009, Defendant Memorial, with little explanation and no justification, terminated the employment of plaintiff/relator.

## COUNT ONE

### VIOLATIONS OF STARK LAW
### (Defendant Memorial and Defendant IRSF)
### 42 U.S.C. § 1395nn

49. Paragraphs 1 through 48 are incorporated into Count One as if fully set forth herein.

50. Defendants' conduct described *supra* constituted a violation of the Stark Law, 42 U.S.C. § 1395nn *et seq.*

51. As a direct result thereof, Medicare and the taxpayers of the United States have been directly damaged.

## COUNT TWO

### FALSE CLAIMS ACT VIOLATIONS
### (Defendant Memorial and Defendant IRSF)
### 31 U.S.C. §§ 3729(a)(1), (a)(2), and (a)(7)

52. Paragraphs 1 through 49 are incorporated into Count Two as if fully set forth herein.

53. This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729-32, as amended, Pub. L. 99-562, 100 Stat. 3153 (1986).

54.     Through the acts described above, defendants and their agents, employees and co-conspirators knowingly presented and caused to be presented to the United States, its officers or employees, false and fraudulent claims, and knowingly failed to disclose material facts, in order to obtain payment and approval under the Medicare program.

55.     Through the acts described above, defendants and their agents, employees and co-conspirators knowingly made, used and/or caused to be made or used false records and statements, that also omitted material facts, in order to induce the United States to approve and pay false and fraudulent claims under the Medicare program.

56.     Plaintiff United States, unaware of the falsity of the claims, records, and statements made and submitted by defendants and their agents, employees and co-conspirators, and as a result thereof, paid money to defendants under the Medicare program for expenses claimed by the defendants that were not related to the medical care of Medicare beneficiaries, that the Government otherwise would not have paid.

57.     By reason of the payments made by the United States to the defendants as a result of defendants' fraud, the United States Government has been damaged in substantial amounts from at least 1989 through at least March 2009.

## COUNT THREE

### FALSE CLAIMS ACT—WRONGFUL DISCHARGE
### (Defendant Memorial)
### 31 U.S.C. § 3730(h)

59.     Paragraphs 1 through 48 are incorporated into Count Three as if fully set forth herein.

60.     This is a claim for compensation for all damages Plaintiff Thaw suffered as a result of her unlawful discharge by Defendant Memorial in violation of the False Claims Act.

61.     Through the acts described above, officers, agents, and/or employees of

Defendant Memorial terminated plaintiff Thaw from her employment because of lawful acts she pursued in furtherance of this false claims action under the False Claims Act, including her investigation and reporting of false claims to her employer.

61.  Plaintiff Thaw has suffered harm, humiliation, embarrassment, mental anguish, and financial damages. Defendant's actions violated 31 U.S.C. § 3730(h) and damaged Plaintiff in an amount to be determined at trial.

## PRAYER

**WHEREFORE**, Plaintiff/relator prays for judgment against Defendants as follows:

1. That Defendants be ordered to cease and desist from violating 31 U.S.C. § 3729 and 42 U.S.C. § 1395nn;

2. That this Court enter judgment against the Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

3. That this Court enter judgment against the Defendants for the maximum amount allowed pursuant to the Stark Law;

4. That Plaintiff/relator be awarded the maximum amount allowed pursuant to the Stark Law and False Claims Act;

5. That Plaintiff be awarded appropriate money damages for unlawful discharge including, but not limited to, compensatory damages for harm, humiliation, embarrassment, and mental anguish and punitive damages for Defendant Memorial's conduct and the conduct of officers, agents, and employees of Defendant Memorial in violation of 31 U.S.C. § 3730(h);

6. That Plaintiff be awarded an amount sufficient to compensate her for all

financial damages she suffered as a result of Defendant Memorial's unlawful termination of her employment in violation of 31 U.S.C. § 3730(h), including, but not limited to, compensating her for two times the lost wages, benefits, and other remuneration, and interest thereon;

7. That Plaintiff/relator be awarded all costs of this action, including attorneys' fees and court costs; and

8. That Plaintiff/relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

GROSSMAN ROTH, P.A.
2525 Ponce de Leon Blvd.
Suite 1150
Coral Gables, FL 33134
(305) 442-8666 / Fax (305) 285-1668
sem@grossmanroth.com

By: _____
SETH MILES
Fla. Bar. No. 0385530

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
United States ex. rel. Patricia Diane Thaw

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Seth E. Miles, Esq.
Grossman Roth, P.A.
2525 Ponce De Leon Blvd, St. 1150
Coral Gables 33144
(P) 305-442-8666 (F) 305-285-1668

### DEFENDANTS
South Broward Hospital District d/b/a Memorial Healthcare System and Interventional Rehabilitation of South Florida, Inc.,

County of Residence of First Listed Defendant **BROWARD**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE / HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL 09cv 60739 - Zloch / Rosenbaum

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                    | PTF | DEF |                                              | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State              | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State           | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 31 USC 3729, 42 USC 1320a-7b
Qui Tam Complaint
LENGTH OF TRIAL via 7 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD /s/
DATE 5-19-09

FOR OFFICE USE ONLY
AMOUNT 350 —    RECEIPT # 100220    IFP _____

(Rev. 06/2005)Sealed Document Tracking Form

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: **09-60739** CIV-ZLOCH

/ROSENBAUM

United States of America ex rel. Patricia Diane Thaw

Plaintiff

v.

South Broward Hospital District, d/b/a Memorial Healthcare System and Interventional Rehabilitation of South Florida, Inc.

Defendant

sealed

## SEALED DOCUMENT TRACKING FORM

*Party Filing Matter Under Seal*

Name: Seth E. Miles
Address: 2525 Ponce De Leon Blvd, St. 1150, Coral Gables, FL 33134
Telephone: 305-442-8666

On behalf of (select one):  ☒ Plaintiff   ☐ Defendant

Date sealed document filed: 5-19-09

If sealed pursuant to statute, cite statute: 31 USC 3730(b)(2)

If sealed pursuant to previously entered protective order, date of order and docket entry number: _____

The matter should remain sealed until:

☐ Conclusion of Trial                    ☐ Arrest of First Defendant
☐ Case Closing                           ☐ Conclusion of Direct Appeal
☒ Other: US Gov't decides whether to participate
☐ Permanently. Specify the authorizing law, rule, court order:

The moving party requests that when the sealing period expires, the filed matter should be (select one):

☐ Unsealed and placed in the public portion of the court file     ☐ Destroyed
☐ Returned to the party or counsel for the party, as identified above

Attorney for: Patricia Thaw